IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| APEX/FCC, LLC,  )<br>    Plaintiff,  )<br>                    )<br>v.                   )<br>                    )<br>FLEXICREW STAFFING, INC.,  )<br>    Defendant.  ) | CIVIL ACTION 12-0507-WS-N |
| IN THE MATTER OF THE  )<br>COMPLAINT OF  )<br>                    )<br>NATURES WAY MARINE, LLC,  )<br>Owner of the tank Barge NWM 431  )<br>(Hull No. D 557753) for Exoneration  )<br>From or Limitation of Liability.  ) | CIVIL ACTION 12-0390-KD-N |

**ORDER**

On November 1, 2012, the undersigned entered an Order (doc. 20) in Civil Action 12-0507-WS-N that, among other things, recognized the considerable overlap between that action pending on the undersigned's docket and an earlier filed case, Civil Action 12-0390-KD-N, pending on Judge DuBose's docket. In particular, Civil Action 12-0507-WS-N is a declaratory judgment action concerning Apex/FCC, LLC's rights (if any) under a certain contractual indemnity/defense provision. Civil Action 12-0390-KD-N includes claims brought by the same party (Apex) for enforcement of the same provision against the same defendant (FlexiCrew Staffing, Inc.) in the same dispute (personal injury claims of Charles Brunson). The November 1 Order observed that consolidation of the two matters may be warranted "[g]iven the obvious inefficiency and risks of inconsistency in having the same contractual provision adjudicated as to the same litigants by two different federal judges in two different cases." (Civil Action 12-0507-WS-N, doc. 20, at 7.)

In response to the November 1 Order entered in Civil Action 12-0507-WS-N, Apex and FlexiCrew jointly report that they "consent to the consolidation of this case with the Limitation

of Liability Action styled *In re Natures Way Marine, LLC*, Civil Action No. 12-0390-KD-N."
(Doc. 21.)

Pursuant to Rule 42(a), Fed.R.Civ.P., a district court has authority to order consolidation when "actions before the court involve a common question of law or fact." *Id.* The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Finance Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it"). District courts in this Circuit have been "encouraged … to make good use of Rule 42(a) … in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix*, 776 F.2d at 1495 (citation and internal quotation marks omitted).

The Court agrees with Apex and FlexiCrew that consolidation is appropriate here, pursuant to Rule 42(a). Again, both actions involve the same facts, the same legal issues and the same dispute. In both actions, Apex is requesting interpretation of the same language in the same contract to impose the same obligations on FlexiCrew in connection with the Brunson claims. Based on considerations of efficiency, judicial economy, the risk of inconsistent rulings on common questions, the burden on the parties and the court, and the relative expense of proceeding separately versus together, consolidation of these actions would plainly streamline the proceedings and eliminate unnecessary repetition and confusion. Simply stated, it would be far more sensible and efficient to litigate questions concerning FlexiCrew's contractual obligations (if any) to Apex concerning the Brunson personal injury claims in a single proceeding than to do so in multiple actions.

For all of the foregoing reasons, including Apex's and FlexiCrew's express consent to consolidation, the Court exercises its discretion in favor of **consolidating these actions for all purposes**, through and including trial, pursuant to Rule 42(a).  To effectuate consolidation, the Clerk of Court is **directed** to extract documents 1 through 21 from Civil Action 12-0507-WS-N and to make those documents part of the court file in Civil Action 12-0390-KD-N.  Furthermore, the Court finds that there is no present reason to maintain Civil Action 12-0507-WS-N as an open file.  Therefore, the Clerk of Court is **directed** to submit a JS-6 to the Administrative Office which indicates that 12-0507 is statistically closed and thus removed from the pending docket of this Court.  The Clerk shall thereafter maintain that file as a closed file.  To avoid confusion, and given that 12-0507 will henceforth be a closed file that has been swallowed whole by 12-0390, the parties are **ordered** not to include the caption of 12-0507 in any future filings and not to file any pleadings, motions or other papers directly in 12-0507.  Rather, all future filings in these consolidated proceedings should be made exclusively in 12-0390.

DONE and ORDERED this 8th day of November, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE